# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs December 15, 2015

## STATE OF TENNESSEE v. KENNETH GREENE

**Appeal from the Criminal Court for Polk County**
**No. 13CR008     Sandra Donaghy, Judge**

_____

**No. E2015-01068-CCA-R3-CD – Filed January 13, 2016**

_____

Appellant was convicted of burglary other than a habitation and was sentenced to four years, suspended to probation, on January 30, 2013. A probation violation report was filed alleging that appellant had violated the terms of his probation by testing positive for marijuana, by being in possession of an adulterated urine specimen, and by failing to pay court costs. Following a probation revocation hearing, the trial court revoked appellant's probation and ordered his sentence into execution. On appeal, appellant argues that because of his admission to his probation officer about his drug problem and his voluntarily seeking drug treatment for the same, he should have been allowed to complete his inpatient drug treatment program rather than have his probation revoked in full. Upon our review of appellant's revocation, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

C. Richard Hughes, Jr., District Public Defender; and Larry D. Wright, Assistant District Public Defender, for the Appellant, Kenneth Greene.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Stephen Davis Crump, District Attorney General; and M. Drew Robinson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## I. Facts

At the May 18, 2015 probation revocation hearing, the State called Peggy Smith, the probation officer assigned to supervise appellant's probation, as a witness. Ms. Smith testified that appellant's probation began on January 30, 2013, when he pleaded guilty to burglary of a building other than a habitation. As part of the plea agreement and subsequent order granting probation, appellant was required to pay restitution to the victims in the amount of $400, which had not been paid as of the date of the hearing. During the intake interview, he reported his address as that of his mother, but when asked by Ms. Smith, appellant's mother did not know where he was residing.

Ms. Smith recalled that appellant had a previous probation violation. Appellant missed his February 2013 report date and did not call to reschedule it. At that time, appellant had failed to report; failed to pay supervision fees, court costs and restitution; and had failed to submit to a DNA test. The trial court revoked his probation for the first time in 2013. After serving some time in the county jail, appellant appeared in court on September 8, 2014, and the trial court reinstated his probation.

Ms. Smith stated that the probation office transferred appellant's probation supervision to Georgia, where he was a resident. She was advised that on December 30, 2014, appellant tested positive for marijuana and was found to be in possession of an adulterated urine specimen. He also owed $1,244.56 in court costs and restitution. Appellant signed an admission acknowledging having used marijuana on December 27, 2014.

Appellant testified on his own behalf and stated that after his positive test for marijuana, he was admitted into the Forever Free Outreach Ministries drug treatment program in Marion, Georgia. The cost of the program was $700 per month, which his family paid. He attended first on an outpatient basis and later as an inpatient. During his stay in the program, he was granted a twenty-four-hour pass. On the same day his pass began, the vehicle in which he was a passenger was pulled over, and appellant was taken into custody on the probation violation warrant. The record reflects that the arrest warrant was executed on February 7, 2015.

Appellant said that he was working to reimburse his family for paying for his drug treatment. The "owner" of the program had purchased a house that was "trashed out," and appellant cleaned it out and remodeled it. He believed that if his probation were reinstated, he would be allowed to return to the program. He had receipts where he had

made payments to the court using the "J-Pay" system. He thought that payments made through that program were being credited toward his restitution obligation.

On cross-examination, appellant acknowledged that the court signed the probation violation warrant on January 12, 2015, and that he was admitted into the treatment program on January 26, 2015. He admitted that when he confessed his drug use to the probation officer in December 2014, he was equipped with a device attached to his groin area for the purpose of manipulating the urinalysis.

On redirect examination, appellant stated that he was unaware of the probation violation warrant until he was arrested; he had not been served with the warrant or been informed of it.

Ms. Smith was recalled to explain that the J-Pay system only applied to probation supervision fees. All other court costs and restitution had to be paid through the clerk's office.

At the conclusion of the testimony and arguments of counsel, the trial court summarized that appellant had violated his probation previously because his probation officer was unable to verify his residence and for other infractions. His probation had been reinstated in September 2014 after federal charges on which appellant had been held were dismissed, whereupon appellant's probation was transferred to Georgia for supervision. In December 2014, appellant was subjected to a drug test and signed an admission that he had used drugs on December 27. He also admitted in court that he was in possession of a device used to manipulate the urine test. Shortly thereafter, appellant was admitted into Forever Free Outreach Ministries, with which the trial court was unfamiliar.

With regard to the drug treatment, the trial court noted that the letter to the court did not document appellant's progress or treatment protocol. The trial court addressed its concerns with the program, namely that it was unaware of whether the program complied with the standard terms and conditions governing programs in Tennessee and that the program granted twenty-four-hour passes after having completed only weeks of treatment, which seemed contrary to the program protocols in Tennessee.

The trial court found that appellant had not paid restitution and that his payments through J-Pay were for probation supervision fees only. The trial court declined to revoke appellant's probation on the basis of failure to pay costs and restitution because of his "addiction and no evidence as to [his] work history." However, based upon appellant's admission of using marijuana, the trial court revoked his probation.

-3-

The trial court next considered that this was appellant's second opportunity to comply with the terms and conditions of probation. The court admonished that when appellant failed his drug test, he should have immediately entered treatment and that the court should have had an opportunity to make a finding as to the program's legitimacy. It opined that the program was expensive but "very lenient." The court held that confinement was necessary to protect society by restraining appellant, that he had a history of criminal conduct, and that less restrictive measures had been unsuccessful in rehabilitating him. The trial court ordered appellant's sentence into execution.

## II. Analysis

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

Citing no authority, appellant argues that his voluntary admission to his probation officer that he had used marijuana is "conduct our trial judges advise in many cases" when they are sentencing offenders believed to have a drug problem. He also asserts that by seeking his own drug treatment, he "was taking proper steps to overcome his drug addiction and should have been allowed to finish" the program. The State contends that the trial court properly exercised its discretion in revoking appellant's probation and ordering his sentence into execution. We agree with the State.

The record reflects that appellant signed an admission that he had used marijuana three days prior to his drug test. However, that admission accompanied a drug test that confirmed he had recently used drugs. He also made the admission while in possession of a device used to manipulate the results of the urinalysis. Based on the positive drug test and appellant's attempt to circumvent the testing process, the trial court acted within its discretion for revoking appellant's probation for failure to comply with the condition of probation prohibiting the use of drugs. *See Pamela J. Booker*, 2012 WL 6632817, at *2 (noting that appellant's admission of cocaine use and the positive drug test established by a preponderance of the evidence that she violated a term of probation).

Although appellant argues that he was taking proper steps to address his drug problem, he entered a program that had not been vetted by either the Tennessee Department of Probation and Parole or the trial court. The trial court found it lacking, characterizing it as "expensive" and "lenient." In fact, the record reflects that appellant was accepted as an inpatient on January 26, and he was granted a twenty-four-hour pass on February 7, the same day he was arrested.

Moreover, the trial court noted appellant's prior unsuccessful attempt to comply with the terms and conditions of release into society. Appellant failed to report to his probation officer the very first month after being granted a suspended sentence, and he failed to supply his probation officer with a legitimate address. After being revoked and reinstated after time served, appellant was granted yet another chance to succeed at probation. Although appellant stated that he would like to continue in the drug rehabilitation program, his "prior history of violations does not support a further reprieve from incarceration." *Id.*

## CONCLUSION

Upon our review of the record as a whole, the briefs of the parties, and the applicable legal authorities, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE